UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PR CAVE INC., a California corporation; JASON JANKE, an individual; SHANNON JANKE, an individual; and DOES 1-10,<br><br>    Defendants. | CASE NO. SACV13-297-AG (RNBx)<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

    A.    Plaintiff CrossFit, Inc. ("CrossFit" or "Plaintiff") filed suit against Defendants, alleging that Defendants violated CrossFit's rights under 15 U.S.C. §§ 1114, 1125(a), (c), and (d) ("Suit");

    B.    The Parties entered into a settlement agreement as of April 18, 2013 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. That judgment be entered in favor of CrossFit against Defendants on all claims.

2. For the purposes of binding preclusive effect on Defendants as to future disputes with respect to the Suit or Settlement Agreement between Defendants on the one hand and CrossFit on the other hand, and only for such purposes, Defendants admit the following:

   a. CrossFit is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 3,007,458; 3,826,111; 4,049,689; 4,053,443; and 4,122,681 (the "Marks") and of all rights thereto and thereunder.

   b. Defendants, by their actions described in the complaint, have infringed upon CrossFit's Marks.

3. Defendants, and those on their behalf, including their owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners, are permanently enjoined from using the term "CrossFit" and confusingly similar terms (collectively, the "Injunction"), except as provided herein and in Paragraph 4 below. Confusingly similar terms shall include without limitation "CrossFitters" and variations thereof. The term "cross training" shall <u>not</u> constitute a confusingly similar term. In order to avoid undue interference with the future employment of Jason Janke and/or Shannon Janke (the "Jankes") by an unrelated third party, the restriction of this provision shall not extend to a third party wherein (a) the Jankes are deemed employees or independent contractors of a third party; and (b) the Jankes do not have a control and/or more than 20% ownership of said third party.

4. Jason Janke shall be entitled to use the term "CrossFit" only as is permissible under the licensing agreement associated with his CrossFit Level 1 certificate. Specifically, Mr. Janke may list the CrossFit Level 1 Trainer qualification on a business card, in a trainer biography on a website (but may not

2
STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION

be used anywhere else on the website), resume, curriculum vitae, or professional biography.

5. Defendants are bound by the Injunction regardless of whether CrossFit assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Injunction inures to the benefit of CrossFit's successors, assignees, and licensees.

6. This Court's Magistrate Judge shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this final judgment, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

7. The Parties waive any rights to appeal this stipulated judgment, including without limitation the Injunction.

IT IS SO ORDERED.

Dated: April 25, 2013

_____
United States District Court Judge
Andrew J. Guilford